# ROCKINGHAM,

## DECEMBER TERM, A. D. 1844.

---

### FISK *v.* MORSE.

The notice to an indorser in case of a non payment, must in some form state substantially the dishonor of the note.

ASSUMPSIT, against one of a firm, indorsers of a promissory note discounted at the Commercial Bank in Bangor, and sold by said bank to a third party, who transferred it to the plaintiff.

The notice of non payment was filled out from the blank commonly used by the bank, which was in the following form:

"Mr. ———, This is the last day of grace on a note dated      183 , signed by      and indorsed by you for      dollars      cents, with interest, which is due and unpaid at this Bank; payment thereof is demanded of you.

Cashier."

To this notice the defendant objected, that it was insufficient in not stating a demand on the maker, and the court sustained the objection. Thereupon a verdict was taken for the defendant, subject to the opinion of this court.

*Stickney*, for the plaintiff. It is not necessary that the notice should state a demand on the maker. Bayley on Bills 162; 2 Johns. Cases 337; *Reedy* v. *Teixas*, 3 Kent

108; *Mills* v. *U. S. Bank*, 11 Wheat. 431; *Bank of Alexandria* v. *Swann*, 9 Peters 33; *Cowles* v. *Harts*, 3 Conn. 516; *Leavitt* v. *Sims*, 3 N. H. 14; *Sanger* v. *Stimpson*, 8 Mass. 260; *Shed* v. *Brett*, 1 Pick. 401; *Boston Bank* v. *Hodges*, 9 Pick. 420; *Smith* v. *Whiting*, 12 Mass. 6; *Carter* v. *Bradley*, 19 Maine 62; *Widgery* v. *Monroe*, 6 Mass. 449; *Smith* v. *Little*, 10 N. H. 526.

Some of the English cases state a different rule, but our practice is more liberal. *Carter* v. *Bradley*, 19 Maine 62.

Again, if the notice is from a bank and given according to the usage of the bank, it is sufficient. *Jones* v. *Fales*, 4 Mass. 245; *Widgery* v. *Monroe*, 6 Mass. 449; *Whitwell* v. *Johnson*, 17 Mass. 449; *Shove* v. *Wiley*, 18 Pick. 558.

*Bartlett*, for the defendant. The notice was insufficient. Most of the cases cited by the counsel for the plaintiff apply only to a limited class of notes. The other cases cited are discussed and overruled in *Gilbert* v. *Dennis*, 3 Met. 495.

PARKER, C. J. If the question were an original one, we should pause before holding that a notice to an indorser must contain any direct allegation of presentment or dishonor, other than the statement of non payment when due.

The indorser may well understand from a notice of non payment, that the holder insists upon such a dishonor of the note as renders him liable, and if the notice contains a more particular statement, he has no assurance that it is true. The notice is not proof. A rule therefore making the insertion of such an allegation in the notice essential, seems to apply the rules of special pleading, to a certain extent, to a document which has not the character of a declaration or other pleading, and the rule may perhaps quite as often defeat the just rights of indorsees not

conversant with legal proceedings, as it will furnish any substantial information to indorsers.

But it is quite important that the rules of commercial law should be as uniform as the nature of the case will admit. This is of more consequence, in many cases, than it is which of two rules shall be adopted.

The rule in England, after some diversity of opinion, seems to be that the notice must, in some form, state substantially the dishonor of the bill or note. *Tindal* v. *Brown*, 1 T. R. 167, 170; *Hartley* v. *Case*, 4 B. & C. 339, 441; *Cook* v. *French*, 10 Ad. & Ellis 131; *Lewis* v. *Gompertz*, 6 Mees. & W. 399.

This rule has been followed in Massachusetts. *Shed* v. *Brett*, 1 Pick. 401, 405; *Gilbert* v. *Dennis*, 3 Met. 495, 498. And it is held also in New-York, that "though no particular form of words is necessary in notifying a drawer or indorser, the notice will be bad unless it import that the bill or note has been dishonored." *Ransom* v. *Mack*, 2 Hill 588. We have no reason to suppose that the rule is different in Maine. In *Smith* v. *Little*, 10 N. H. 526, cited in the argument, the notice contained an allegation that the note had been protested, which implies dishonor.

Furthermore, it is not stated or implied in the notice that the note remains unpaid up to the close of business hours on the last day of grace, unless an implication is to be made from the fact that payment is demanded of the defendant. Consistently with its terms, it may have been made and sent at an hour of the day when there had been no default of the maker, and of course no right to notify the indorser. It might well be held that here was no substantial statement of non payment.

*Judgment for the defendant.*